GERHARDT M. DAHLKE v. HAROLD GOEBEL, d.b.a.
HAROLD GOEBEL, CONTRACTOR, AND ANOTHER.
GREAT AMERICAN INSURANCE COMPANY, RESPONDENT.

154 N. W. (2d) 401.

November 10, 1967—No. 40,655.

*Robb, Robb & Van Eps* and *Raymond W. Fitch,* for relators.
*Tyrrell, Jardine, Logan & O'Brien* and *Lyle R. Frevert,* for respondent
insurance company.

FRANK T. GALLAGHER, JUSTICE.

Certiorari to review a decision of the Industrial Commission.

The case involves the question of "double coverage." The issue is
whether the insured employer, Harold Goebel, d.b.a. Harold Goebel,
Contractor, was covered by two insurance companies on the date his

employee was injured and whether one insurer may recover contribution against the other for benefit payments made.

Relator Goebel had for many years carried his workmen's compensation insurance with respondent Great American Insurance Company under a policy scheduled to expire April 12, 1965. The policy previously had been written through George Brunner, American's general agent. Relator Bituminous Casualty Corporation issued a workmen's compensation policy to Goebel, effective March 8, 1965, for 1 year. On May 17, 1965, respondent Gerhardt M. Dahlke, Goebel's employee, sustained a personal injury arising out of and in the course of his employment. On May 21, American also issued a policy of insurance to Goebel. Bituminous paid workmen's compensation benefits to Dahlke and now seeks reimbursement of half of those benefits from American.

After a hearing in August 1965, a referee of the Industrial Commission denied Bituminous' claim for contribution. The commission affirmed the referee's decision.

In this court Bituminous claims that the commission erred in holding that there was no insurance coverage by American when, according to Bituminous, the proof disclosed that a policy had been issued and no evidence was presented by American undermining the validity of that contract. Bituminous argues that the presentation of the policy of insurance at the hearing before the referee constituted a prima facie case that American was a coinsurer for the employee's injury.

American contends that the only legal issue is whether there was evidence sufficient to support the finding of the commission that on May 17, when the employee was injured, there was no contract of workmen's compensation insurance in force between American and Goebel. According to American, the first request it received for workmen's compensation insurance for Goebel, to be effective after April 12, 1965, was in the form of a letter from the Brunner Agency dated May 20, 1965, at which time Brunner was in the hospital. The letter, signed by Don Burroughs of that agency, stated:

"* * * I believe you were going to renew this until we could see this insured as George [Brunner] thought this policy would be cancelled shortly after the renewal date in as much as this insured secured his Lia-

bility coverage from some other carrier. At any rate George asked me if we had this renewal. Please check and advise the status of this matter to date."

Pursuant to this request, on May 21 American typed up its policy bearing the effective date of April 12. The policy was mailed to the Brunner Agency and copies of the "daily" were mailed to the Minnesota Compensation Rating Bureau at that time. On June 15, the rating bureau sent its form letter to American and Bituminous informing them of the double workmen's compensation insurance coverage.

The following day, Bituminous wrote to the rating bureau as follows:

"In reply to your letter of June 15, 1965 I wish to advise that our agent has informed us that the policy of the other carrier is to be returned for cancellation and that our policy is to remain in effect."

On June 23, American's policy was returned to its office for "flat" cancellation (canceling as of the acceptance date with no premium charge). A witness for American testified that on August 12 American received payment of the premium on this policy from its agent (Brunner) and apparently returned the premium.

In connection with its position that the issue here is whether American afforded coverage the day the employee was injured, Bituminous argues that the presentation of the policy of insurance at the hearing constituted a prima facie case that American was a coinsurer for the employee's injury and that American submitted nothing to rebut the prima facie case. Bituminous cites Anderson v. Connecticut Fire Ins. Co. 231 Minn. 469, 43 N. W. (2d) 807, to the effect that where the plaintiff-insured establishes a prima facie case he is entitled to have it go to the jury, and the burden then rests upon the defendant-insurer to prove all matters of defense in rebuttal of such a prima facie case. However, in support of its contention that the issue here is whether the evidence supports the findings of the commission, American argues that the decision of the commission is well supported by the evidence. It points out that the letter of the Brunner Agency written while Brunner was in the hospital implied that Goebel had not been contacted prior to the ordering of the policy involved; that when Goebel was

informed of the April 12 cancellation date he advised the enforcement section of the Workmen's Compensation Division of the commission that he was insured by Bituminous; that Goebel obtained a policy of workmen's compensation insurance from Bituminous effective March 8, 1965, and he would have no need for a renewal of American's policy; that Goebel's original copy of the insurance policy was returned to American for a flat cancellation; and that when the rating bureau informed both carriers of the double coverage, Bituminous stated that its policy was the one in force.

We have repeatedly said that the policy of this court in reviewing the findings of the Industrial Commission is not to determine whether on the facts the decision of the commission is correct or even preferable to another but, instead, is to determine only whether the findings have sufficient basis of inference reasonably to be drawn from the facts. Anderson v. Armour & Co. 257 Minn. 281, 101 N. W. (2d) 435. We have considered the claim of Bituminous that its putting into evidence a copy of American's policy constituted a prima facie case that American was a coinsurer of the employee's injury. In Topinka v. Minnesota Mutual Life Ins. Co. 189 Minn. 75, 248 N. W. 660, 95 A. L. R. 739, we said that production of a policy by a plaintiff presented a prima facie case which was subject to rebuttal. The record here does not show that the policy in question was ever delivered to Goebel. Indeed, relator Bituminous is not a beneficiary of the policy, as in Topinka, but, rather, another insurance company seeking contribution. Under these circumstances, mere production of the policy by one not an insured nor a beneficiary does not present a prima facie case of the existence of a contract of insurance. Cf. Anderson v. Connecticut Fire Ins. Co. supra. Even if such a case resulted from the production of the policy of insurance, the record reveals ample evidence from which the Industrial Commission might validly have found that the case was rebutted.

Bituminous also relies on Cormican v. Anchor Cas. Co. 249 Minn. 196, 81 N. W. (2d) 782, in support of its contention that two policies were in effect simultaneously on May 17. However, that case was correctly relied upon by the Industrial Commission for the proposition that the issuance of a policy of insurance is merely an offer and must be

accepted to have contractual effect. Bituminous' claim that the case supports its position because we there found coverage fails to take into account the fact that the coverage in Cormican was based upon a failure of the respondent-insurer's attempts to cancel a valid contract of insurance.

The record supports the findings and decision of the commission that the policy of American was never accepted by Goebel. A contract of insurance between American and Goebel therefore was not in force on May 17. We hold that where, as here, a policy of insurance is produced by one who is neither an insured nor a beneficiary, no prima facie. case arises to impose on his opponent the burden of disproving the existence of the contract.

The decision of the Industrial Commission is affirmed.